IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD H.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 20 C 2089 |
| v. ) | |
| ) | Magistrate Judge |
| KILOLO KIJAKAZI, Acting ) | Maria Valdez |
| Commissioner of Social Security,[2] ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Richard H.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's request to reverse or remand the Commissioner's decision is granted in part, and the Commissioner's motion for summary judgment [Doc. No. 30] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Andrew Saul has been substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I. PROCEDURAL HISTORY

On January 17, 2017, Plaintiff filed an application for DIB, alleging disability since August 27, 2013, although the onset date was amended at the hearing to February 3, 2014. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on August 16, 2018. Plaintiff personally appeared and testified at the hearing and was represented by counsel. A vocational expert appeared but did not testify. That hearing was continued to allow him and his representative to supplement the evidence regarding his work activity and medical treatment. A second hearing was held on February 13, 2019. Plaintiff was again represented by counsel, and a vocational expert provided testimony at this hearing.

On April 17, 2019, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in

substantial gainful activity since his amended alleged onset date of February 3, 2014. At step two, the ALJ concluded that Plaintiff had the following severe impairments: cervical and lumbar degenerative disc disease, urinary incontinence, osteoarthritis, rheumatoid arthritis, carpal tunnel syndrome, and chronic obstructive pulmonary disease. As for Plaintiff's complaints of depression and panic disorder, the ALJ considered the mental impairments under the regulatory framework and determined that they were non-severe. The ALJ concluded at step three that his impairments, alone or in combination, do not meet or medically equal a Listing. Before step four, the ALJ determined that Plaintiff retained the Residual Functional Capacity ("RFC") to perform light work with the following additional limitations: never climbing ladders, ropes, or scaffolds; occasionally crouching; frequently reaching in all directions including overhead; handling and fingering bilaterally with the upper extremities; and no concentrated exposure to environmental irritants such as fumes, odors, dusts, and gases.

    At step four, the ALJ concluded that Plaintiff would be unable to perform his past relevant work as a carpenter and construction superintendent. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

## DISCUSSION

I.    **ALJ LEGAL STANDARD**

Under the Social Security Act, a person is disabled if they have an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a Plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to perform her former occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps 1-4. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a Plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) it failed to properly evaluate his mental impairments; (2) his consideration of Plaintiff's physical symptoms was not supported by the record; and (3) the opinions of his treating physicians should have been given greater weight.

At step 2, the ALJ concluded that Plaintiff's mental impairments of depression and anxiety were non-severe. Plaintiff argues that (1) his impairments are in fact severe; and (2) the ALJ erred by failing to consider the effect of those impairments on his RFC. The ALJ analyzed the severity of Plaintiff's mental impairments using the special technique to rate functional limitations in four broad areas, as described in the regulations. *See* 20 C.F.R. § 404.1520a. Going through the Paragraph B criteria, he found Plaintiff to be mildly limited in the areas of understanding, remembering, or applying information; interacting with others; and concentrating, persisting, or maintaining pace; and not limited in the area of adapting or managing oneself. *See id.* § 404.1520a(d)(1) ("If we rate the degrees of your limitation as 'none' or 'mild,' we will generally conclude that your impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities.").

Plaintiff argues that the ALJ's conclusion in the realms of understanding and concentration improperly relied on Plaintiff's activities of daily living, concentrating during exams, and responding appropriately to questions, and he did not analyze the remaining functional areas. Defendant responds that Plaintiff denied

7

psychological complaints to multiple providers, his mental status exams were generally normal, and he was never advised to seek further mental health care.

The Court agrees that the ALJ should have included a more complete analysis of his mental impairments in the RFC finding, which included no limitations for mental symptoms. Indeed, the ALJ did not discuss Plaintiff's mental or emotional symptoms at all in the RFC assessment. Defendant responds that the ALJ is not required to include a more detailed assessment if he does not intend to assess a claimant's mental RFC. However, the ALJ did not explain why a mental RFC was deemed unnecessary in this case, so the Court is unable to evaluate the basis for that decision.

Defendant suggests that a mental RFC was not necessary because Plaintiff's impairments were found to be non-severe and mild across three domains. This argument is unpersuasive. First, the ALJ's findings appear to be improperly based on his own evaluation of the evidence rather than the testimony or opinion of a medical expert. *See Alvin S. v. Kijakazi*, No. 21-CV-3781, 2023 WL 2499860, at *4 (N.D. Ill. Mar. 14, 2023). For example, he found Plaintiff's allegation that he had problems completing tasks to be inconsistent with his "engaging in activities that require *significant* concentration, persistence, and pace, such as driving, preparing simple meals, managing funds, and handling his own medical care." (R. 24) (emphasis added). The basis for the ALJ's conclusion that driving and preparing meals requires significant concentration – equivalent to the concentration required in a potentially fast-paced work environment – is not apparent on its face and

8

needed further support from an expert in the relevant field. The ALJ also opined that Plaintiff demonstrated "no significant abnormalities" or no "overt abnormalities," (R. 23, 25), but he did not explain why only "significant" or "overt" deficits are relevant to an RFC or a step 2 evaluation. *See Lawonda P. v. Kijakazi*, No. 20-CV-2573, 2021 WL 3418847, at *3 (N.D. Ill. Aug. 5, 2021) (citation omitted) ("'While a mild, or even a moderate, limitation in an area of mental functioning does not necessarily prevent an individual from securing gainful employment, the ALJ must still affirmatively evaluate the effect such mild limitations have on the claimant's RFC.'").

Second, non-severe impairments need to be considered in the RFC, even if the ALJ ultimately concludes no accommodation is necessary. *See id.* ("[W]hen crafting a mental RFC, the ALJ must consider the impact of both a claimant's severe and non-severe impairments.") (citing *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009); *Murphy v. Colvin*, 759 F.3d 811, 820 (7th Cir. 2014)).

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that she considers all of Plaintiff's symptoms and properly evaluates the opinions of his treating physicians.

9

**CONCLUSION**

For the foregoing reasons, Plaintiff's request to reverse or remand the Commissioner's decision is granted in part and denied in part, and the Commissioner's motion for summary judgment [Doc. No. 30] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

SO ORDERED. ENTERED:

DATE: March 24, 2023

**HON. MARIA VALDEZ**
**United States Magistrate Judge**